```
UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF OHIO
        EASTERN DIVISION
```

MVB Mortgage Corporation,

       Plaintiff,

v.                                      Case No. 2:08-cv-771

Federal Deposit Insurance         Judge Graham
Corporation, in its capacity as    Magistrate Judge Kemp
receiver for Miami Valley Bank,

       Defendant.


**OPINION AND ORDER**


I.  INTRODUCTION

    In August 2008, plaintiff, MVB Mortgage Corporation ("MVB"), initiated an action in this court against the Federal Deposit Insurance Corporation ("FDIC"), in its capacity as receiver for Miami Valley Bank ("Bank"), wherein MVB alleged that the FDIC improperly failed to repay, on demand, funds that MVB loaned to the Bank.  MVB asserted a claim for the repayment of money owed, a claim on an account, and a claim for unjust enrichment.

    In November 2008, the FDIC filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief may be granted, or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56.  The core argument of the FDIC is that MVB's claims fail because they are not supported by a written agreement as required under applicable law.  The motion does not

set forth any separate discussion as to why MVB's unjust enrichment claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, why summary judgment should be granted in favor of the FDIC as to that claim.  Therefore, the court construes the FDIC's motion as addressing MVB's first two claims concerning the alleged loan agreement between MVB and the Bank.  So construed, this opinion does not address MVB's unjust enrichment claim.

Because the parties have submitted evidentiary materials outside the pleadings, the court will consider the FDIC's motion as one for summary judgment.  See Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999) (noting that, as a general rule, matters outside the pleadings may not be considered in ruling on a 12(b)(6) motion to dismiss unless the motion is converted to one for summary judgment under Rule 56).  For the reasons set forth below, the court GRANTS the FDIC's motion for summary judgment.

II. FACTUAL AND PROCEDURAL BACKGROUND

MVB's complaint provides a detailed narrative concerning financial transactions involving MVB, the Bank, and various third-party mortgage lenders.  The alleged facts as pertinent to the pending motion are relatively simple.  MVB's complaint alleges that, in March 2007, it loaned money to the Bank, an Ohio state-chartered bank, and that these loans were secured by loan participations that the Bank entered into with two third-party mortgage lenders.  In October 2007, the State of Ohio closed the Bank and appointed the FDIC as its receiver.  A few months later, MVB filed a claim with the FDIC against the Bank, concerning MVB's alleged loans to the Bank.  MVB alleged that the Bank failed to repay more than $10,000,000 in connection with the loan

2

transactions.  The FDIC disallowed the claim.  Subsequently, and pursuant to 12 U.S.C. § 1821(d)(6),[1] MVB timely filed its lawsuit against the FDIC in this court, seeking repayment of the alleged loans.

III. SUMMARY JUDGMENT

　　A. Legal Standard

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  See Daugherty v. Sajar Plastics, Inc., 544 F.3d 696, 702 (6th Cir. 2008); LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 378 (6th Cir. 1993).  The party that moves for summary judgment has the burden of showing that there are no genuine issues of material fact in the case at issue, LaPointe, 8 F.3d at 378, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case on which it would bear the burden of proof at trial.  Walton v. Ford Motor Co., 424 F.3d 481, 485 (6th Cir. 2005); Barnhart v. Pickrel,

---

[1] 12 U.S.C. § 1821(d)(6) states, in part, as follows:

[T]he claimant may request administrative review of the claim [filed with the FDIC]. . . or file suit on such claim (or continue an action commenced before the appointment of the receiver) in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim).

3

Schaeffer & Ebeling Co., L.P.A., 12 F.3d 1382, 1389 (6th Cir. 1993). In response, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." Moore v. Philip Morris Cos., Inc., 8 F.3d 335, 340 (6th Cir. 1993). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original); see generally Booker v. Brown & Williamson Tobacco Co., Inc., 879 F.2d 1304, 1310 (6th Cir. 1989). Thus, "[o]nly disputed material facts, those 'that might affect the outcome of the suit under the governing law,' will preclude summary judgment." Daugherty, 544 F.3d at 702 (quoting Anderson, 477 U.S. at 248).

A district court considering a motion for summary judgment may not weigh evidence or make credibility determinations. Daugherty, 544 F.3d at 702; Adams v. Metiva, 31 F.3d 375, 379 (6th Cir. 1994). Rather, in reviewing a motion for summary judgment, a court must determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52. The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Eastman Kodak Co. v. Image Technical Servs., Inc., 504 U.S. 451, 456 (1992). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there

4

must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252; see Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009).

B. Grounds for Motion

The FDIC sets forth two arguments in support of its motion. Both arguments relate to whether a written agreement supports MVB's claims. The FDIC argues that 12 U.S.C. § 1823(e)(1) requires a written agreement to sustain a claim against it. Additionally, the FDIC argues that MVB's claims are barred by an Ohio statute of frauds, Ohio Revised Code § 1335.02.

In response, MVB contends that the FDIC's reliance upon 12 U.S.C. § 1823(e)(1) is misplaced. According to MVB, the statute is inapplicable here, and even if it is applicable, the requirements of the statute are met. MVB also challenges the FDIC's argument that the Ohio statute of frauds at issue precludes MVB from asserting its claims against the FDIC. MVB argues that this statute of frauds does not preclude its claims against the FDIC because the loan agreement is documented in a "writing" signed by the Bank. Additionally, MVB moves for relief under Fed. R. Civ. P. 56(f) insofar as this court finds that a signed copy of the "writing," which is allegedly in the possession of the Bank, is necessary to meet the applicable statute of frauds.

IV. DISCUSSION

A. Nature of Transactions

Before analyzing the FDIC's defenses that form the basis of its motion for summary judgment, the court notes that one of the

5

central issues in dispute in this matter is the proper characterization of the pertinent transactions between MVB and the Bank. As noted above, MVB contends that it loaned funds to the Bank in March 2007, and that these loans were secured by loan participations that the Bank entered into with two third-party mortgage lenders. In contrast, according to the FDIC, the transfer of funds at issue was not a loan but was part of a sale. MVB, in opposition to the FDIC's motion for summary judgment, has submitted evidence supporting its claim that the transfer of funds was part of a loan transaction. Therefore, for purposes of resolving the FDIC's motion for summary judgment, the evidence is construed as demonstrating that the transfer of funds between MVB and the Bank was part of a loan transaction.

B. 12 U.S.C. § 1823(e)(1)

The court will first address the FDIC's argument that the application of 12 U.S.C. § 1823(e)(1), which largely codified D'Oench, Duhme & Co., Inc. v. Federal Deposit Ins. Corp., 315 U.S. 447 (1942), bars MVB's action against it. In D'Oench, Duhme & Co., Inc. v. Federal Deposit Ins. Corp., 315 U.S. 447, 456-62, (1942), the Supreme Court of the United States emphasized the strong public policy considerations for protecting the assets of failed banking institutions. In view of these strong public policy considerations, the Court held that a debtor is estopped from asserting any defense based on an unwritten side agreement between the debtor and the original lender that would alter the terms of a debtor's note. Id. at 461-62. National Enters., Inc. v. Smith, 114 F.3d 561, 563-64 (6th Cir. 1997). This holding was codified in 12 U.S.C. § 1823(e)(1), which provides as follows:

6

> No agreement which tends to diminish or defeat the interest of the [FDIC] in any asset acquired by it under this section or section 1821 of this title, either as security for a loan or by purchase or as receiver of any insured depository institution, shall be valid against the [FDIC] unless such agreement--
>
> (A) is in writing,
>
> (B) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution,
>
> (C) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and
>
> (D) has been, continuously, from the time of its execution, an official record of the depository institution.

It is MVB's position that the "D'Oench doctrine" and 12 U.S.C. § 1823(e)(1) only apply to "assets," and that the loan at issue here constitutes a liability of the Bank, not an asset. Consequently, MVB argues that the D'Oench doctrine and 12 U.S.C. § 1823(e)(1) are inapplicable here. The FDIC argues that the circumstances of this case require the application of 12 U.S.C. § 1823(e)(1) and the principles underpinning the D'Oench doctrine.

Although the parties disagree over the parameters of the D'Oench doctrine and 12 U.S.C. § 1823(e)(1), there is no dispute that MVB is asserting rights as an alleged creditor of the Bank. As pertinent here, 12 U.S.C. § 1821(g)(4) provides that "if the [FDIC] is appointed pursuant to subsection (c)(3) of this section . . . the rights of depositors and other creditors of any State depository institution shall be determined in accordance with the applicable provisions of State law." There is no dispute that the

7

FDIC was appointed as receiver, pursuant to 12 U.S.C. § 1821(c)(3), of the Bank, an Ohio depository institution. Consequently, MVB's rights, as an alleged creditor of the Bank, must be determined in accordance with applicable Ohio law. By implication, MVB's rights, as an alleged creditor, are not determined under federal law. For this reason, the court finds that neither 12 U.S.C. § 1823(e) nor D'Oench bar MVB's claims against the FDIC. The court must, however, analyze whether MVB's claims are barred by the applicable Ohio statute of frauds.

C. Ohio Revised Code § 1335.02

The FDIC contends that Ohio Revised Code § 1335.02, which addresses "loan agreements," precludes MVB's claims against it. Ohio Revised Code § 1335.02 provides, in pertinent part, as follows:

> (B) No party to a loan agreement may bring an action on a loan agreement unless the agreement is in writing and is signed by the party against whom the action is brought or by the authorized representative of the party against whom the action is brought.
>
> . . .
>
> (C) The terms of a loan agreement subject to this section, including the rights and obligations of the parties to the loan agreement, shall be determined solely from the written loan agreement, and shall not be varied by any oral agreements that are made or discussions that occur before or contemporaneously with the execution of the loan agreement. Any prior oral agreements between the parties are superseded by the loan agreement.

The FDIC argues that this statute bars MVB's claims in view of the absence of any written loan agreement. MVB disagrees, arguing that it has satisfied the writing requirement of the statute.

8

In support of its statute of frauds argument, MVB cites an Ohio intermediate appellate court decision, Soteriades v. Wendy's of Ft. Wayne, Inc., 517 N.E.2d 1011 (Ohio Ct. App. 1986). In particular, MVB quotes paragraph one of the syllabus of Soteriades, which states: "Minutes and resolutions adopted by a board of directors of a corporation constitute a sufficient memorandum to meet the writing requirement of the Statute of Frauds." MVB notes that, in reaching its decision, the Soteriades court, at 225, cited the Ohio Supreme Court's decision in Himrod Furnace Co. v. Cleveland & Mahoning RR. Co., 22 Ohio St. 451 (1872), as recognizing that the minutes and resolution adopted by a board of directors of a corporation constituted a sufficient memorandum to meet the writing requirement of the Statute of Frauds.

At issue in Soteriades was the writing requirement of Ohio Revised Code § 1335.05, which provides, in part:

> No action shall be brought whereby to charge the defendant, upon a special promise, to answer for the debt, default, or miscarriage of another person; nor to charge an executor or administrator upon a special promise to answer damages out of his own estate; nor to charge a person upon an agreement made upon consideration of marriage, or upon a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them, or upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, *or some memorandum or note thereof*, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized.

(Emphasis added.)

Similarly, according to the Himrod Furnace Co. court, the applicable statute in that case provided that "no action shall be brought whereby to charge the defendant upon any agreement that is not to be performed within the space of one year from the making

9

thereof, unless the agreement *or some memorandum or note thereof* shall be in writing and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized."  (Emphasis added.)

MVB contends that the requirement of a "writing" contained in Ohio Revised Code § 1335.02 is satisfied in this case by the Bank's own board minutes or by a "Warehouse receipt"[2] MVB has submitted. Specifically, MVB contends that the "Bank's Board Minutes of March 20 document the loan transaction at issue.  Even the Warehouse receipt documenting the transaction is signed off by the Bank officer."  MVB also suggests that Ohio Revised Code § 1335.02(B) may not apply when the loan is made to a financial institution, but it provides no support for this argument.  MVB further asserts that Ohio Revised Code § 1335.02(B) does not "specify any particular terms that must be contained in the writing."

MVB's arguments in support of its interpretation of Ohio Revised Code § 1335.02 are unpersuasive.  As to MVB's suggestion that the statute may not apply when the loan is made to a financial institution, the court finds no language in the statute demonstrating an intent to limit the statute to circumstances in which the loan is not made to a financial institution.  The statute provides in part that "*[n]o party* to a loan agreement may bring an action on a loan agreement unless the agreement is in writing[.]" (Emphasis added.)  The statute does not set forth an exception to this requirement when the loan is made to a financial institution.

---

[2] MVB's reference to a "Warehouse receipt" is apparently a reference to documentation it submitted, in opposition to the FDIC's motion, that tracked a collection of mortgages allegedly held as collateral for a loan transaction involving the Bank.

10

Moreover, the caselaw cited by MVB in support of its position concerns language found in Ohio Revised Code § 1335.05, not § 1335.02. As noted above, the statute of frauds at issue in the case at bar is not Ohio Revised Code § 1335.05, but § 1335.02, which specifically addresses "loan agreements." There are significant differences between Ohio Revised Code §§ 1335.02 and 1335.05.

Ohio Revised Code § 1335.02, which was enacted in 1993, provides that the agreement must be in writing, but it does not contain the "or some memorandum or note thereof" language found in Ohio Revised Code § 1335.05 and relied upon in the Soteriades and Himrod Furnace Co. cases. Hence, MVB's reliance on the Soteriades and Himrod Furnace Co. cases is unavailing. Furthermore, while MVB is correct that Ohio Revised Code § 1335.02(B) does not specify the particular terms that must be contained in the writing, this observation fails to consider Ohio Revised Code § 1335.02(C). Unlike Ohio Revised Code § 1335.05, § 1335.02 specifically provides that the terms of the loan agreement "shall be determined solely from the written loan agreement." Ohio Revised Code § 1335.02(C). Thus, because the terms of the loan agreement are determined solely from the written loan agreement, any reliance on materials not constituting the written loan agreement would be unavailing.

Ohio Revised Code § 1335.02 reflects an intent that the loan agreement itself must be in writing; a memorandum or note thereof does not suffice. In other words, the "writing" needed to satisfy the statute is the "written loan agreement" itself and not some memorandum or note of the agreement. Therefore, the Bank's board minutes and the "Warehouse receipt" do not satisfy the writing requirement of Ohio Revised Code § 1335.02. MVB has failed to meet

its burden of presenting evidence of a "written loan agreement" that the applicable statute of frauds requires. Accordingly, the court concludes that Ohio Revised Code § 1335.02 bars MVB's claims that are the subject of this decision.

D. Fed. R. Civ. P. 56(f) Motion

MVB moves for relief under Fed. R. Civ. P. 56(f) to the extent this court finds it necessary to review the "blue ink" copy of the Bank's board minutes. Pursuant to Fed. R. Civ. P. 56(f), a nonmovant requesting additional discovery prior to the granting of summary judgment must show "by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition[.]"

MVB argues that, to the extent the court is inclined not to deny the FDIC's motion, discovery must be permitted for MVB to obtain the "writing" in order for it to oppose the FDIC's position. MVB asserts that there must be Bank records documenting the subject loan, such as the signed board minutes, in the possession of the FDIC, not MVB. However, because board minutes would not satisfy the writing requirement of Ohio Revised Code § 1335.02, the existence of signed board minutes of the Bank concerning the alleged loan would be inconsequential as to the FDIC's pending summary judgment motion. Also, MVB does not suggest that the requested discovery would produce evidence of a written loan agreement, which, as discussed above, is required under Ohio Revised Code § 1335.02. Moreover, even if a written loan agreement involving MVB and the Bank were alleged to exist, absent any sufficient explanation for why MVB, as a party to the written loan agreement, could not present the written agreement without

12

discovery, relief under Fed. R. Civ. P. 56(f) would be inappropriate. Accordingly, MVB's motion for relief under Fed. R. Civ. P. 56(f) is without merit.

V. CONCLUSION

For the reasons set forth above, this court concludes that no genuine issue of material fact has been shown as to MVB's claims against the FDIC that are the subject of this decision, and the FDIC is entitled to summary judgment as to these claims. Accordingly, the FDIC's motion for summary judgment (Doc. No. 12) is GRANTED. MVB's motion for relief under Fed. R. Civ. P. 56(f) is DENIED. Moreover, because the FDIC did not move for summary judgment as to MVB's unjust enrichment claim, it remains pending. MVB shall notify the court within 14 days as to whether it seeks to pursue its unjust enrichment claim.

It is so ORDERED.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: July 9, 2009