**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

MVB Mortgage Corporation,

      Plaintiff,                        Case No. 2:08-cv-771

v.                                  Judge Graham

Federal Deposit Insurance          Magistrate Judge Kemp
Corporation, in its capacity as
receiver for Miami Valley Bank,

      Defendant.

**<u>OPINION AND ORDER</u>**

**I.  INTRODUCTION**

This case is currently before the court on the motion of defendant, Federal Deposit Insurance Corporation ("FDIC"), in its capacity as receiver for Miami Valley Bank ("Bank"), for summary judgment as to the unjust enrichment claim of plaintiff, MVB Mortgage Corporation ("MVB"). For the reasons that follow, the court DENIES the FDIC's motion for summary judgment.

**II.  FACTUAL AND PROCEDURAL BACKGROUND**

As noted in the court's July 9, 2009 Opinion and Order (Doc. No. 23) (hereinafter "July 2009 opinion") granting the FDIC's motion for summary judgment as to MVB's first two claims in this action, MVB's complaint provides a detailed narrative concerning financial transactions involving MVB, the Bank, and various third-party mortgage lenders. As relevant to the pending motion, MVB's

1

complaint alleges that, in March 2007, it loaned money to the Bank, an Ohio state-chartered bank, and that these loans were secured by loan participations that the Bank entered into with two third-party mortgage lenders. In October 2007, the State of Ohio closed the Bank and appointed the FDIC as its receiver. A few months later, MVB filed a claim with the FDIC against the Bank, concerning MVB's alleged loans to the Bank. MVB alleged that the Bank failed to repay more than $10,000,000 in connection with the loan transactions. The FDIC disallowed the claim.

In August 2008, and pursuant to 12 U.S.C. § 1821(d)(6), MVB timely initiated this action against the FDIC, asserting a claim for the repayment of money owed, a claim on an account, and a claim for unjust enrichment. In November 2008, the FDIC filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief may be granted, or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56.

The core argument of the FDIC in support of its November 2008 motion was that MVB's claims were deficient because they were not supported by a written agreement as required under applicable law. The FDIC argued that 12 U.S.C. § 1823(e), D'Oench, Duhme & Co., Inc. v. Federal Deposit Ins. Corp., 315 U.S. 447 (1942), and Ohio's statute of frauds concerning loan agreements, all barred plaintiff's claims because the alleged loan agreement was not in writing. The FDIC did not separately discuss why MVB's unjust enrichment claim should be dismissed, or, in the alternative, why summary judgment should be granted in its favor as to that claim. Consequently, the court construed the FDIC's November 2008 motion as only addressing MVB's claim for repayment of money owed and its claim on an account. So construed, the court did not address MVB's

unjust enrichment claim in the July 2009 opinion.

In the July 2009 opinion, the court determined that MVB's first two claims were barred by an Ohio statute of frauds, Ohio Rev. Code § 1335.02. Additionally, the court, relying on 12 U.S.C. § 1821(g)(4), resolved that neither 12 U.S.C. § 1823(e) nor D'Oench barred these claims against the FDIC. Consequently, the court granted the FDIC's motion for summary judgment as it related to MVB's first two claims. As to the unjust enrichment claim, which remained pending, the court requested that MVB notify the court as to whether it would pursue this claim. MVB subsequently notified the court that it would pursue the remaining claim.

The FDIC filed a motion for reconsideration, arguing that the court's analysis and conclusion regarding 12 U.S.C. § 1823(e) and the D'Oench case were incorrect. Because the FDIC failed to demonstrate a manifest error in the court's analysis or conclusion, the court denied the FDIC's motion for reconsideration (Doc. No. 26).

In August 2009, the FDIC filed the pending motion for summary judgment as to MVB's unjust enrichment claim. This motion has been fully briefed and is ripe for this court's disposition.


III.  SUMMARY JUDGMENT

    A.  Legal Standard

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." See Daugherty v. Sajar Plastics, Inc., 544 F.3d 696, 702 (6th Cir. 2008); LaPointe v. United Autoworkers Local 600,

8 F.3d 376, 378 (6th Cir. 1993).  The party that moves for summary judgment has the initial burden of showing that there is no genuine issue of material fact, LaPointe, 8 F.3d at 378, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case on which it would bear the burden of proof at trial.  Walton v. Ford Motor Co., 424 F.3d 481, 485 (6th Cir. 2005); Barnhart v. Pickrel, Schaeffer & Ebeling Co., L.P.A., 12 F.3d 1382, 1389 (6th Cir. 1993).  In response, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts."  Moore v. Philip Morris Cos., Inc., 8 F.3d 335, 340 (6th Cir. 1993).  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original); see generally Booker v. Brown & Williamson Tobacco Co., Inc., 879 F.2d 1304, 1310 (6th Cir. 1989).

A district court considering a motion for summary judgment may not weigh evidence or make credibility determinations.  Daugherty, 544 F.3d at 702; Adams v. Metiva, 31 F.3d 375, 379 (6th Cir. 1994).  Rather, in reviewing a motion for summary judgment, a court must determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Anderson, 477 U.S. at 251-52.  The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co.

4

v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Eastman Kodak Co. v. Image Technical Servs., Inc., 504 U.S. 451, 456 (1992).

B. Grounds for Motion

The FDIC sets forth three arguments in support of its motion for summary judgment. First, the FDIC argues that the elements of unjust enrichment cannot be established in view of the facts as alleged in the complaint. Second, the FDIC argues that the unjust enrichment claim is barred by the statute of frauds. Third, the FDIC contends that the D'Oench case, and its codification at 12 U.S.C. § 1823(e), bar MVB's unjust enrichment claim. In response, MVB contends that the FDIC incorrectly characterizes the facts as alleged in the complaint, that its unjust enrichment claim is not barred by the statute of frauds, and that the FDIC's assertion of defenses under the D'Oench doctrine, and its codification at 12 U.S.C. § 1823(e), is precluded by the court's previous rulings in this case.

IV. DISCUSSION

The court will first address the FDIC's argument that the facts as alleged cannot establish the elements of unjust enrichment. Unjust enrichment is an equitable doctrine, not based on contract law but upon quasi-contract. Homan, Inc. v. A1 AG Serv., L.L.C., 885 N.E.2d 253, 260 (Ohio Ct. App. 2008). A quasi-contract is a contract implied in law so as to prevent injustice. Rice v. Wheeling Dollar Sav. & Trust Co., 99 N.E.2d 301 (Ohio 1951); Hummel v. Hummel, 14 N.E.2d 923 (Ohio 1938). Unjust enrichment occurs when a person, "has and retains money or benefits which in justice and equity belong to another." Johnson v. Microsoft Corp., 834 N.E.2d 791, 799 (Ohio 2005). To recover under

a theory of unjust enrichment in Ohio, a plaintiff must prove the following elements: (1) a benefit conferred by the plaintiff upon the defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment. Hambleton v. R.G. Barry Corp., 465 N.E.2d 1298, 1302 (Ohio 1984). It is unnecessary, however, to prove that the enriched person acted fraudulently or with malice. Nelis v. Ethridge, No. CA2000-02-017, 2000 WL 1591157 (Ohio Ct. App. Oct. 23, 2000), citing Hummel.

According to the FDIC, an unjust enrichment claim cannot be sustained by MVB because MVB did not confer an uncompensated benefit upon the Bank. The FDIC argues that the transaction at issue was a sale involving the transfer of mortgages or loan participations in exchange for cash, and that it cannot be characterized as a loan transaction in which MVB transferred funds to the Bank without performance by the Bank. The FDIC, citing paragraph ten of MVB's complaint, asserts that the complaint itself alleges an exchange of cash for loan participations and thereby precludes any recovery under an unjust enrichment theory. Paragraph ten of MVB's complaint states as follows:

> Additionally, in March 2007, Plaintiff extended two loans to Miami Valley Bank in the total amount of $16,084,681, which was [sic] secured by loan participations that Miami Valley Bank entered into with two other third-party mortgage lenders, Metro Equity Funding and MLA, Inc. Collections, to date, have been applied to the loans, resulting in a current outstanding principle [sic] balance owed by Miami Valley Bank to Plaintiff of $9,848,581.90.

The FDIC asserts that this paragraph of the complaint alleges that MVB exchanged cash for loan participations and is receiving the benefit of the participations. The court does not read

paragraph ten of the complaint in this manner. The complaint states that MVB extended "loans" to the Bank and that these loans were "secured by loan participations." The complaint does not allege that the Bank sold the loan participations to MVB. It further alleges that collections have been applied to reduce the principal balance of the loans, but does not allege that there was a transfer of mortgages or loan participations to MVB in exchange for the funds. Thus, the complaint alleges that MVB conferred a benefit on the Bank by transferring cash to the Bank pursuant to a loan agreement, and that the Bank, by not fully repaying, has been unjustly enriched. Moreover, the FDIC's argument does not address the fact that the court, in resolving MVB's first two claims, found evidence in the record to support a finding that the transaction was a loan transaction. Therefore, the FDIC's characterization of the complaint is incorrect, and the evidence is not so one-sided in favor of the FDIC so as to compel a finding that the transaction was a sale involving the exchange of cash for loan participations. Consequently, the argument presented by the FDIC, in support of its contention that the alleged facts cannot, as a matter of law, support an unjust enrichment claim, is unpersuasive.

The court next addresses the FDIC's argument that the unjust enrichment claim is barred by the Ohio statute of frauds relating to loan agreements. The FDIC argues that, like MVB's first two claims, its unjust enrichment claim is barred by Ohio Rev. Code § 1335.02, which provides in part that "[n]o party to a loan agreement may bring an action on a loan agreement unless the agreement is in writing[.]"

It is well-settled in Ohio that a plaintiff may not prevail under a theory of unjust enrichment when an express contract covers

the same subject.  See Ullmann v. May, 72 N.E.2d 63, para. four of

the syllabus (Ohio 1947)("In the absence of fraud or bad faith, a

person is not entitled to compensation on the ground of unjust

enrichment if he received from the other that which it was agreed

between them the other should give in return"); Teknol, Inc. v.

Buechel, No. C-3-98-416, 1999 WL 33117391 (S.D. Ohio Aug. 9, 1999).

However, as Ohio's seminal unjust enrichment case, Hummel,

demonstrates, even if an express contract is unenforceable as a

result of the operation of a statute of frauds, a plaintiff may

proceed on a claim for unjust enrichment.  Paragraph one of the

syllabus of Hummel states as follows:

> An oral contract which is incapable of being performed
> within a year of the making thereof is unenforceable by
> reason of the statute of frauds, section 8621, General
> Code; but where one party thereto fully performs on his
> part and the other contracting party, to his unjust
> enrichment, receives and refuses to pay over money which,
> under the unenforceable contract, he agreed to pay to the
> party who has fully performed, a quasi contract arises,
> upon which the performing party may maintain an action
> against the defaulting party for money had and received.

The Hummel court further reasoned:

> Even though a contract is unenforceable under the statute
> of frauds because it is not in writing, a plaintiff who
> has fully performed his part of the contract may maintain
> an action for money had and received against the other
> contracting party who is the recipient of a benefit to
> his unjust enrichment, by the plaintiff's performance,
> but refuses to perform himself; the basis of the
> liability is the quasi-contractual relation to which the
> law gives rise.

Thus, if a plaintiff's claim based on an alleged express

contract fails because the contract is unenforceable by operation

of a statute of frauds, the plaintiff may still pursue a claim for

unjust enrichment, which is essentially a claim for breach of an

implied in law contract.  Stated differently, the finding that an express contract is unenforceable due to the operation of a statute of frauds does not preclude a plaintiff's alternative cause of action for unjust enrichment.

In this case, MVB's claims based on the alleged existence of an express contract, in the form of a loan agreement, failed because the express contract was unenforceable under the applicable Ohio statute of frauds.  But the fact that the alleged express contract was unenforceable due to the statute of frauds does not prevent MVB from prevailing on an unjust enrichment claim.  See id. Therefore, contrary to the FDIC's argument, MVB's unjust enrichment claim is not barred by the Ohio statute of frauds that requires loan agreements to be in writing.

Lastly, the FDIC argues that the D'Oench case, and 12 U.S.C. § 1823(e)(1), preclude MVB's claim of unjust enrichment.  Pursuant to this court's July 2009 opinion, MVB's rights, as an alleged creditor of the Bank, must be determined in accordance with applicable Ohio law in view of 12 U.S.C. § 1821(g)(4).  As is noted above, the FDIC moved for reconsideration as to this determination, which was denied.  The FDIC continues to seek this court's reconsideration of its analysis regarding 12 U.S.C. § 1823(e) and the D'Oench case.  But the FDIC has presented no argument that would compel the court to deviate from its earlier determination that the federal law embodied in the D'Oench case and 12 U.S.C. § 1823(e) do not apply here because 12 U.S.C. § 1821(g)(4) provides that when the FDIC is appointed as receiver of an insured state institution by a state authority, the rights of creditors of the institution are determined in accordance with applicable state law. Consistent with this analysis, the court finds that neither 12

9

U.S.C. § 1823(e) nor D'Oench bar MVB's unjust enrichment claim against the FDIC.

V.  CONCLUSION

Because the FDIC has not met its burden of demonstrating the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law as to MVB's claim for unjust enrichment, the court DENIES its motion for summary judgment as to this claim (Doc. No. 28).

It is so ORDERED.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE:  October 6, 2009