IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MVB Mortgage Corporation,

    Plaintiff,                            Case No. 2:08-cv-771

v.                                              Judge Graham

Federal Deposit Insurance          Magistrate Judge Kemp
Corporation, in its capacity as
receiver for Miami Valley Bank,

    Defendant.

**<u>OPINION AND ORDER</u>**

I. Introduction

This matter is currently before the court on the motion of defendant, Federal Deposit Insurance Corporation ("FDIC"), in its capacity as receiver for Miami Valley Bank ("Bank"), for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), and the motion of plaintiff, MVB Mortgage Corporation ("MVB"), for summary judgment pursuant to Fed. R. Civ. P. 56. Both of these motions concern the only remaining claim in this action, MVB's unjust enrichment claim against the FDIC. The FDIC also moves pursuant to Fed. R. Civ. P. 56(f) for additional time to conduct discovery to respond to MVB's motion for summary judgment. These motions have been fully briefed by the parties and are ripe for this court's disposition. For the reasons that follow, the court DENIES all three motions.

1

II. Factual and Procedural Background

This case arises from a transaction that occurred between MVB and the Bank in March 2007. The nature of this transaction is disputed by the parties. MVB argues that it loaned approximately $16 million to the Bank, that this loan was secured by loan participations that the Bank had entered into with two other third-party mortgage lenders, and that approximately $10 million of the loan remains unpaid. Conversely, the FDIC argues that MVB sold approximately $23 million of poor quality loans to the Bank, in exchange for nearly $7 million in cash and approximately $16 million in superior quality loans.

In August 2008, and pursuant to 12 U.S.C. § 1821(d)(6),[1] MVB initiated this action against the FDIC, alleging that the FDIC improperly failed to repay, on demand, the money that MVB loaned to the Bank. MVB asserted a claim for the repayment of money owed, a claim on an account, and a claim for unjust enrichment.

In November 2008, the FDIC filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56. The FDIC argued that 12 U.S.C. § 1823(e), D'Oench, Duhme & Co., Inc. v. Federal Deposit Ins. Corp.,

---

[1] 12 U.S.C. § 1821(d)(6) states, in part, as follows:

[T]he claimant may request administrative review of the claim [filed with the FDIC]. . . or file suit on such claim (or continue an action commenced before the appointment of the receiver) in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim).

2

315 U.S. 447 (1942), and Ohio's statute of frauds concerning loan agreements, all barred plaintiff's claims because the alleged loan agreement was not in writing. The FDIC did not separately discuss why MVB's unjust enrichment claim should be dismissed, or, in the alternative, why summary judgment should be granted in its favor as to that claim.

By Opinion and Order, dated July 9, 2009, the court determined that MVB's first two claims were barred by an Ohio statute of frauds, and accordingly granted summary judgment as to these claims in the FDIC's favor. Because the court construed the FDIC's November 2008 motion as only addressing MVB's claim for repayment of money owed and its claim on an account, the court did not address MVB's unjust enrichment claim in the July 2009 opinion. The court requested that MVB notify the court as to whether it would pursue the unjust enrichment claim. MVB subsequently notified the court that it would pursue the remaining claim.

In August 2009, the FDIC moved for summary judgment as to the unjust enrichment claim. In support of the August 2009 motion, the FDIC argued that the elements of unjust enrichment could not be established in view of the facts as alleged in the complaint, that the unjust enrichment claim was barred by the statute of frauds, and that the D'Oench case, and its codification at 12 U.S.C. § 1823(e), barred MVB's unjust enrichment claim.

On October 6, 2009, the court denied the FDIC's motion for summary judgment as to MVB's unjust enrichment claim. The next day, MVB moved for summary judgment as to the unjust enrichment claim. Three weeks later, the FDIC filed its motion for judgment on the pleadings. These two motions are the subject of this opinion. Because the FDIC's motion for judgment on the pleadings

challenges the sufficiency of the complaint insofar as it alleges unjust enrichment, the court first will resolve said motion before resolving MVB's pending motion for summary judgment.

III. The FDIC's Rule 12(c) Motion

A. Legal Standard

A motion for judgment on the pleadings may be made "[a]fter the pleadings are closed but within such time as not to delay the trial." Fed. R. Civ. P. 12(c). Because the FDIC's Rule 12(c) motion alleges that MVB's complaint fails to state a claim upon which relief can be granted, it will be resolved under the same standard applicable to a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). See Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp., 399 F.3d 692, 697 (6th Cir. 2005).

Federal Rule of Civil Procedure 8(a) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." Golden v. City of Columbus, 404 F.3d 950, 958-59 (6th Cir. 2005). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

4

Iqbal, 129 S.Ct. at 1949.  Considering these principles, a court should construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true.  Iqbal, 129 S.Ct. at 1949-50; Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Twombly, 550 U.S. at 555-56.

    B.  Discussion

The FDIC argues that MVB's complaint is legally deficient because it does not allege the necessary elements of an unjust enrichment claim under Ohio law.  The FDIC contends that MVB improperly seeks "damages" as compensation from an alleged breach of an unenforceable contract and thus fails to state a claim for unjust enrichment.  The FDIC also argues that the complaint does not allege that the value conferred by MVB to the Bank in March 2007 was deficient as compared to the value which MVB received.  Additionally, the FDIC argues that MVB's unjust enrichment claim is barred by 12 U.S.C. § 1821(j).  MVB argues that the court has already addressed the issue of the sufficiency of the complaint, and that the FDIC's arguments on this issue are otherwise without merit.

To recover under a theory of unjust enrichment in Ohio, a plaintiff must prove the following elements:  (1) a benefit conferred by the plaintiff upon the defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment. Hambleton v. R.G. Barry Corp., 465 N.E.2d 1298, 1302 (Ohio 1984).  Unjust enrichment arises out of a contract implied in law. Hummel v. Hummel, 14 N.E.2d 923, 925-26 (1938). A "contract implied in law" is not a true contract, but is a

"quasi-contract" implied by a court when a party "retains money or benefits which in justice and equity belong to another." Id. at 926-27. If a plaintiff's claim based on an alleged express contract fails because the contract is unenforceable by operation of a statute of frauds, the plaintiff is not necessarily precluded from pursuing a claim for unjust enrichment, which is essentially a claim for breach of an implied in law contract. See Hummel.

Paragraph one of the syllabus of Hummel states as follows:

> An oral contract which is incapable of being performed within a year of the making thereof is unenforceable by reason of the statute of frauds, section 8621, General Code; but where one party thereto fully performs on his part and the other contracting party, to his unjust enrichment, receives and refuses to pay over money which, under the unenforceable contract, he agreed to pay to the party who has fully performed, a quasi contract arises, upon which the performing party may maintain an action against the defaulting party for money had and received.

The Hummel court further reasoned:

> Even though a contract is unenforceable under the statute of frauds because it is not in writing, a plaintiff who has fully performed his part of the contract may maintain an action for money had and received against the other contracting party who is the recipient of a benefit to his unjust enrichment, by the plaintiff's performance, but refuses to perform himself; the basis of the liability is the quasi-contractual relation to which the law gives rise.

Thus, the fact that MVB asserted a claim based on an alleged express contract, does not preclude it from pursuing, in the alternative, an unjust enrichment claim based on the same matter.

MVB is correct insofar as it argues that the court already has addressed the FDIC's argument that its unjust enrichment claim cannot be sustained because the complaint does not allege that MVB conferred an uncompensated benefit upon the Bank. In resolving the FDIC's motion for summary judgment, the court noted that the

complaint alleges that MVB conferred a benefit on the Bank by transferring cash to the Bank pursuant to a loan agreement, and that the Bank, by not fully repaying, has been unjustly enriched. See October 6, 2009 Opinion and Order. But, because the FDIC's argument in this regard was essentially limited to the contention that the transaction was not a loan transaction, the court did not squarely address the issue of whether, in view of the security interest received by MVB as part of the alleged loan transaction, the complaint sufficiently alleges that the value conferred by the Bank to MVB was deficient as compared to the value which MVB conferred upon the Bank. Nor did the court address, in any previous decision, the issue of whether the complaint is legally deficient because it seeks "damages" for unjust enrichment, as the FDIC's argument in this regard is new. Nonetheless, for the reasons expressed below, the court continues to find that the complaint alleges sufficient facts to support MVB's unjust enrichment claim, even if the alleged "value" received by MVB as part of the transaction is considered, and even though the complaint seeks "damages" for unjust enrichment.

In support of its argument that MVB's complaint is legally deficient because it seeks "damages" for unjust enrichment and because it does not allege that the value received by MVB in March 2007 was deficient as compared to the value MVB conferred upon the Bank, the FDIC cites Auto Chem Labs., Inc. v. Turtle Wax, Inc.(Auto Chem I), No. 3:07-cv-156, 2008 WL 4372697 (S.D. Ohio Sept. 23, 2008)(Rice, J.), and Hughes v. Oberholtzer, 123 N.E.2d 393 (1954).

As in the case at bar, the plaintiffs in Auto Chem I asserted claims for breach of an express contract and for unjust enrichment under Ohio law. In that case, the court recognized that "there

7

cannot be an express agreement and an implied contract for the same thing existing at the same time." Id. (quoting Hughes). Thus, a party may not recover under a theory of unjust enrichment where there exists an actual contract between the parties. Id. However, a party may properly bring a claim for breach of an implied in law contract, while it also asserts a claim for breach of an express contract for the same matter. Id. (citing Hummel). "Thus, a party may plead [these] alternative causes of action for the same matter, but may only prevail under one or the other." Id. Because the court determined that the alleged express contract was unenforceable due to the operation of the statute of frauds, it considered whether the complaint adequately alleged unjust enrichment, as opposed to re-pleading the express contract claim in the guise of one for an implied in law contract. Id.

In resolving the issue of whether the complaint adequately alleged unjust enrichment, the court in Auto Chem I found the Ohio Supreme Court decision in Hughes to be instructive. In Hughes, the court observed that "[t]he purpose of the quasi-contract action is not to compensate the plaintiff for any loss or damage suffered by him but to compensate him for the benefit he has conferred on the defendant." Id. at 397. Thus, in considering the adequacy of the complaint, as it related to the unjust enrichment claim, the Hughes court "focus[ed] on whether it contained an allegation that the consideration moving to the plaintiff was inadequate to fairly compensate him for the benefit he had allegedly conferred on the defendant." Auto Chem I, 2008 WL 4372697, at *16 (citing Hughes, 123 N.E.2d at 397). The Hughes court concluded that the complaint did not plead the essential elements of an unjust enrichment claim because, instead of seeking to recover the value of something

furnished to the defendant by alleging that the defendant's failure to comply with the terms of an alleged express contract would unjustly enrich the defendant, the plaintiff sought to recover damages that allegedly resulted from the defendant's failure to perform under the terms of the alleged express contract. Id. at 397-98.

In view of the principles expressed in the Hughes case, the Auto Chem I court concluded that the complaint did not adequately allege unjust enrichment, and explained its reasoning as follows:

> The Complaint merely asserts that the Plaintiffs conferred benefits upon the Defendant. Nowhere in the Complaint is there an indication of the *value* of these benefits allegedly conferred or, more generally, that any transfer in consideration (e.g., by way of previous purchases of products) from the Defendant to the Plaintiffs was somehow deficient, as compared to the *value* of the benefits allegedly conferred upon the Defendant. Nor do the Plaintiffs pray to be compensated for the *value* of what they furnished the Defendant; rather, they seek *damages*. As in *Hughes*, the present Complaint relies upon the express promises of its breach of contract claim in the context of its unjust enrichment claim, rather than alleging that the Defendant was unjustly enriched at the expense of the Plaintiffs.

(Emphasis sic.) Id. at *17. Thus, the court determined that the complaint did not adequately allege unjust enrichment and accordingly dismissed that claim. Id. The plaintiffs subsequently moved the court to amend their complaint; this motion was the subject of the court's decision in Auto Chem Labs., Inc. v. Turtle Wax, Inc.(Auto Chem II), No. 3:07-cv-156, 2009 WL 3063422 (S.D. Ohio Sept. 21, 2009)(Rice, J.).

As discussed in Auto Chem II, the plaintiffs attempted to amend their complaint "to clarify the unjust enrichment claim" and cure the inadequacy of the complaint by making additional

9

assertions regarding the value of the benefit conferred upon the defendant. However, the court found that the proposed amended complaint did not cure the problems found in the complaint. Id. The additional language regarding the value conferred was found to be speculative in nature and thus the complaint remained inadequate under federal pleading requirements. Id.[2]

Here, as it relates to MVB's claim for unjust enrichment, the complaint alleges that, "[a]s a result of the conduct described [in the complaint], Defendant has been unjustly enriched to the detriment of Plaintiff, for which Plaintiff seeks damages in an amount to be established at trial, but not less than $25,000.00." In the prayer for relief, MVB seeks "[c]ompensatory damages in the amount of $10,003,842.40" and "[s]uch other relief as this Court may deem proper."

MVB's complaint essentially alleges that, in March 2007, it transferred approximately $16 million to the Bank, in exchange for the Bank's agreement to repay this money, and that the Bank's obligation of repayment was secured by loan participations that the Bank entered into with two other third-party mortgage lenders. As further alleged in the complaint, MVB has benefitted from collections as to these loan participations to the extent they have been applied to the loan balance. But the security interest allegedly received by MVB was created as part of a loan agreement that is unenforceable by operation of the applicable statute of

---

[2] The court noted that it "would entertain one more Motion to Amend Complaint, if the Plaintiff's newly proposed Amended Complaint complies with the pleading requirements, as set forth in both this Opinion and the Court's previous Opinion on Defendant's Motion to Dismiss, as to the unjust enrichment claim." Auto Chem II, 2009 WL 3063422, at *7.

frauds.  Thus, because the statute of frauds prevents MVB from enforcing the Bank's alleged agreement to repay the money, and logically also its security interest that arose out of the alleged loan agreement, MVB is left in the position of having conferred a significant benefit upon the Bank without any mechanism based in contract to recover the money.  In this way, the facts as alleged in the complaint support an unjust enrichment claim.

Furthermore, although MVB's complaint uses the word "damages" to describe what it is seeking by its unjust enrichment claim, this usage does not require a conclusion that the complaint fails to state a claim.  As noted above, the application of the unjust enrichment doctrine compensates a plaintiff for the benefit he conferred upon the defendant, not for any loss or damage suffered by the plaintiff.  See Auto Chem I; Hughes.  The substance of MVB's unjust enrichment claim is that the Bank was unjustly enriched, to MVB's detriment, as a result of the alleged transfer of money in connection with the alleged loan transaction.  Thus, by its unjust enrichment claim, MVB seeks to recover the alleged uncompensated benefit conferred upon the Bank, which, given the nature of the alleged transaction, would nearly coincide with the amount of damages it alleged in connection with the breach of contract claims.  Moreover, unlike the complaints in the Auto Chem and Hughes cases, MVB's complaint provides an indication of the value allegedly conferred upon the Bank.

Lastly, the court finds that the FDIC's reliance upon 12 U.S.C. § 1821(j) is unavailing.  Section 1821(j) states as follows: "Except as provided in this section, no court may take any action, except at the request of the Board of Directors by regulation or order, to restrain or affect the exercise of powers or functions of

11

the [FDIC] as a conservator or a receiver." While section 1821(j) generally deprives federal courts of jurisdiction to grant any form of relief against the FDIC as receiver,[3] section 1821(d)(6) operates as an exception to the "general jurisdictional ouster in section 1821(j)[.]" See King v. Long Beach Mortgage Co., No. 06-11931-WGY, --- F. Supp.2d ----, 2009 WL 4716042, at *5 (D. Mass. Dec. 9, 2009)(Young, J.). Section 1821(d)(6) confers jurisdiction upon federal courts to consider lawsuits filed by claimants after an unfavorable administrative determination by the FDIC of their claims. Id. Because MVB filed its lawsuit pursuant to section 1821(d)(6), section 1821(j) does not apply here to deprive this court of jurisdiction. Therefore, the FDIC's argument relating to section 1821(j) is not persuasive.

For these reasons, the court concludes that the FDIC's motion for judgment on the pleadings is without merit.

IV. MVB's Motion for Summary Judgment
   A. Legal Standard

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." See Daugherty v. Sajar Plastics, Inc., 544 F.3d 696, 702 (6th Cir. 2008); LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 378 (6th Cir. 1993). The party that moves for summary judgment has the initial burden of showing that there is no genuine issue of material fact, LaPointe, 8 F.3d at 378, which may be

---

[3] Lloyd v. FDIC, 22 F.3d 335, 336 (1st Cir. 1994).

accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case on which it would bear the burden of proof at trial. Walton v. Ford Motor Co., 424 F.3d 481, 485 (6th Cir. 2005); Barnhart v. Pickrel, Schaeffer & Ebeling Co., L.P.A., 12 F.3d 1382, 1389 (6th Cir. 1993). In response, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." Moore v. Philip Morris Cos., Inc., 8 F.3d 335, 340 (6th Cir. 1993). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original); see generally Booker v. Brown & Williamson Tobacco Co., Inc., 879 F.2d 1304, 1310 (6th Cir. 1989).

A district court considering a motion for summary judgment may not weigh evidence or make credibility determinations. Daugherty, 544 F.3d at 702; Adams v. Metiva, 31 F.3d 375, 379 (6th Cir. 1994). Rather, in reviewing a motion for summary judgment, a court must determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52. The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Eastman Kodak Co. v. Image Technical Servs., Inc., 504 U.S. 451, 456 (1992).

13

B. Discussion

According to MVB, it has established the elements of its unjust enrichment claim, and it is entitled to judgment as a matter of law as to this claim. As outlined above, to recover under a theory of unjust enrichment in Ohio, a plaintiff must prove the following elements: (1) a benefit conferred by the plaintiff upon the defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment. Hambleton, 465 N.E.2d at 1302. MVB asserts that the facts demonstrate that it conferred a benefit upon the Bank, the Bank knew of the benefit, and the Bank's retention of the benefit would be unjust under the circumstances.

The FDIC argues that there are genuine issues of material fact which preclude the granting of summary judgment in MVB's favor. In regard to the first and third elements that MVB must prove, the FDIC contends that the parties' dealings in March 2007 should be viewed as a sale, not as a loan. The FDIC reasons that because there was an "asset-for-asset exchange with no money remaining due to MVB from the Bank," there was no benefit conferred by MVB to the Bank that was unjustly retained by the Bank. Additionally, the FDIC asserts that, even if the March 2007 transaction was a loan transaction, a determination of whether the retention of a benefit is unjust requires a review of all the pertinent circumstances, and the circumstances of this case do not call for the application of the unjust enrichment doctrine, especially considering evidence demonstrating self-dealing by Kenneth Haggard, who owned 100% of the stock of the Bank and 80% of the stock of MVB at all material times.

14

The FDIC has submitted evidence supporting its position that the March 2007 transaction was a purchase and sale of assets. The declaration of Kevin J. Schmidt, a commissioned bank examiner with the FDIC, indicates that he comprehensively reviewed the records of the Bank and determined that the March 2007 transaction involved the Bank acquiring approximately $23 million of subprime mortgage loans from MVB in exchange for approximately $7 million in cash and approximately $16 million in higher quality mortgage loans. According to Mr. Schmidt, this transaction was recorded on the Bank's general ledger as a purchase and sale of assets. Mr. Schmidt also examined the records of MVB and determined that "MVB's records are a mirror image of the Bank's records" and thus documents the March 2007 transaction as a sale of mortgage loans. (Schmidt Declaration, at 6.)

The declaration of Harry Potter, who is a certified public accountant, a certified fraud examiner, and a certified forensic accountant, indicates that he also reviewed the Bank's records. By his declaration, Mr. Potter expressed the same factual determinations as Mr. Schmidt regarding the March 2007 transaction, and he specifically disagreed with the findings of MVB's expert, Carl R. Coburn, who has opined that the March 2007 transaction should be accounted for as a loan.

In Mr. Potter's opinion, the Bank surrendered control over the assets it transferred to MVB in connection with the March 2007 transaction. In reaching this determination, Mr. Potter found that MVB pledged the transferred assets to National City Bank ("NCB"), as security for MVB's line of credit with NCB, and that the Bank had no ability to cause the return of the assets to the Bank. Mr. Potter also found that the "subsequent conduct of the Bank and the

15

FDIC as receiver for the Bank . . . supports the conclusion that the March 27, 2007 transaction constituted a sale of loans. After that transaction had occurred, neither the Bank, nor the FDIC, sought to bring the assets transferred to MVB back to the [B]ank or [sought] to collect on them for the benefit of the Bank." (Potter Declaration, p. 9.) Evaluating the business purpose of the transaction, Mr. Potter found that "the March 2007 transaction was hatched out of pressing needs by MVB and Haggard to shore up a troubled line of credit extended by a third party lender, NCB, to MVB. This extension of credit had also been personally guaranteed by Haggard." (Potter Declaration, at 9.) Mr. Potter also noted that the March 2007 transaction was recorded on the Bank's general ledger as a purchase and sale of assets, and that the Bank did not record any borrowings from MVB on its books in connection with this transaction.

In its reply brief in support of its motion for summary judgment, MVB does not directly address the evidence submitted by the FDIC in opposition to the motion. Instead, in response to the FDIC's contention that the transaction was a sale or exchange of assets, MVB argues that, as a matter of law, the March 2007 transaction cannot be characterized as a "purchase" because the indicia of a purchase of mortgage loans do not exist. In this regard, MVB argues that there is no evidence of physical delivery of the promissory notes underlying the loans, of transfer of mortgage documents, or of an assignment of the contractual rights held by MVB in any loan agreements. MVB further asserts that the FDIC is challenging the March 2007 transaction on the basis that it was illegal. MVB reasons that this defense has been waived because the FDIC did not affirmatively plead this defense in its first

16

responsive pleading, as required under Fed. R. Civ. P. 8(c).

MVB is correct insofar as it asserts that a response to a pleading must set forth any matter constituting an affirmative defense.  Fed. R. Civ. P. 8(c).  Failure to plead an affirmative defense in the first responsive pleading to a complaint generally results in a waiver of that defense.  Haskell v. Washington Twp., 864 F.2d 1266, 1273 (6th Cir. 1988).  But the court disagrees with MVB's characterization of the FDIC's argument in response to MVB's motion for summary judgment.

In this action, the FDIC is not directly challenging the legality of the March 2007 transaction.  The FDIC is challenging the facts and circumstances of the transaction as alleged by MVB.  While MVB contends that it loaned money to the Bank in March 2007, and that the Bank failed to fully repay this loan, the FDIC argues that the March 2007 transaction was an "asset-for-asset exchange" and did not involve MVB lending money to the Bank.  Furthermore, MVB's argument that the March 2007 transaction cannot be characterized as a purchase and sale of mortgage loans is unpersuasive in view of the evidence submitted by the FDIC.  As noted above, the FDIC has submitted evidence that reasonably supports the conclusion that the March 2007 transaction between MVB and the Bank constituted a purchase and sale of assets.  It can be reasonably inferred from this evidence that ownership of the mortgage loans was duly transferred as part of the transaction.  In the final analysis, if the March 2007 transaction was actually a sale or exchange of assets, as asserted by the FDIC, then MVB's unjust enrichment claim necessarily fails.  And because the FDIC has presented evidence demonstrating that the transaction was a sale or exchange of assets and not a loan transaction, MVB is not

entitled to summary judgment.

V. The FDIC's Rule 56(f) Motion

In addition to opposing MVB's motion for summary judgment, the FDIC alternatively requests relief under Fed. R. Civ. P. 56(f). Rule 56(f) states as follows:

> If a party opposing the [summary judgment] motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

Rule 56(f) provides a mechanism for a nonmoving party and the courts "to give effect to the well-established principle that 'the [nonmoving party] must receive "a full opportunity to conduct discovery" to be able to successfully defeat a motion for summary judgment.' " Short v. Oaks Corr. Facility, 129 F. App'x 278, 281 (6th Cir. 2005)(quoting Ball v. Union Carbide Corp., 385 F.3d 713, 719 (6th Cir. 2004)). "Beyond the procedural requirement of filing an affidavit, Rule 56(f) has been interpreted as requiring that a party making such a filing indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." Cacevic v. City of Hazel Park, 226 F.3d 483, 488 (6th Cir. 2000).

The FDIC argues that if the court finds that it has not presented sufficient evidence in opposition to MVB's motion for summary judgment, it should be permitted to conduct additional discovery before the court rules on MVB's motion for summary judgment. Because the court finds MVB's motion for summary judgment to be without merit, the FDIC's Rule 56(f) request to

18

continue the summary judgment proceedings to allow additional discovery is rendered moot.

VI.  Conclusion

For the foregoing reasons, the court DENIES the FDIC's motion for judgment on the pleadings (doc. 41) and MVB's motion for summary judgment (doc. 37).  Additionally, the court DENIES as moot the FDIC's motion for relief under Rule 56(f).

It is so ORDERED.

s/James L. Graham  
JAMES L. GRAHAM  
United States District Judge

DATE: February 19, 2010