IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MVB Mortgage Corporation,

       Plaintiff,                                 Case No. 2:08-cv-771

       v.                                          Judge Graham

Federal Deposit Insurance                    Magistrate Judge Kemp
Corporation, in its capacity as
receiver for Miami Valley Bank,

       Defendant.

Order Staying Case

       This matter is before the court on a motion to stay filed by defendant Federal Deposit Insurance Corporation. The FDIC requests a stay of this action until the conclusion of a regulatory enforcement action it has brought against the controlling shareholders of plaintiff MVB Mortgage Corporation – Kenneth Haggard and Maryann Tomczyk. See FDIC-09-545e, FDIC-09-547k.

       "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants." Landis v. North American Company, 299 U.S. 248, 254-55 (1936). The entry of a stay ordinarily rests with the district court's discretion. Ohio Environmental Council v. U.S. Dist. Court, Southern Dist. of Ohio, Eastern Div., 565 F.2d 393, 396 (6th Cir. 1977). The burden is on "the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." Id.

       The FDIC has met its burden. MVB's remaining claim in this suit concerns a March 2007 transaction with Miami Valley Bank. Mr. Haggard, who is the controlling shareholder of MVB, was also the sole shareholder of the Bank before it failed. MVB contends that the transaction represented MVB's loan of assets to the Bank, with the loan secured by loan participation agreements the Bank had entered into with third-party mortgage lenders. Proceeding on an unjust enrichment theory (its breach of contract claim was dismissed under the statute of frauds), MVB argues that the Bank was unjustly

enriched because it never repaid the loan in full.

The FDIC characterizes the transaction as a sham orchestrated to move poor-quality, subprime loans off the books of MVB, whose line of credit with National City Bank was personally guaranteed by Mr. Haggard, and onto the books of the Bank, which failed a short time later.  According to the FDIC, the transaction took place at a time when National City had demanded MVB to pay off the line of credit.  The transaction moved cash and higher-quality assets from the Bank to MVB so that MVB could satisfy National City's demand.  The FDIC's regulatory action, which was instituted in February 2010, is based on the same factual allegations that form the basis of the FDIC's position in this suit.  The enforcement action seeks to sanction Mr. Haggard for his alleged March 2007 sham transaction as being in violation of certain banking regulations.

The stay sought by the FDIC is relatively short.  The enforcement action has an anticipated conclusion of October 2010.  Moreover, district courts "should be particularly hesitant" to "disrupt a statutory or administrative timetable."  Ohio Environmental Council, 565 F.2d at 396.  As the court in Crown Cent. Petroleum Corp. v. Dep't of Energy, 102 F.R.D. 95 (D. Md. 1984), held:

> This Court concludes that were it to go ahead and decide the issues presented in this case, either by way of summary judgment or by a ruling on a discovery motion, the Court would be deciding questions which are presently posed in the administrative proceedings.  The central dispute in this case and in the administrative proceedings relates in essence to the matter committed by law to the [Department of Energy's Office of Hearing and Appeals] for decision.  This Court has therefore decided to stay all further proceedings in this case pending pertinent rulings in the administrative case now before the OHA.  Even if administrative rulings either on the merits or on discovery matters do not dispose entirely of the issues before this Court, they will undoubtedly be of help in focusing the issues here and in permitting a more rational resolution by the Court of the dispute between these parties.

102 F.R.D. at 98.  See also Messinger v. Building Contractors Ass'n, Inc., 703 F.Supp. 320, 324 (S.D.N.Y. 1989) (staying case to give deference to independent adjudicating body, the National Labor Relations Board, on the "very same issue").

MVB protests that the FDIC improperly waited to file its action until this court's February 19, 2010 order denying the FDIC's motion for judgment on the pleadings.  However, MVB itself has submitted a November 2009 letter from the FDIC indicating that it was already planning to file the

2

enforcement action.  The court is unwilling to infer any improper intent on the FDIC's part based on the timing of the filing of the enforcement action.

MVB also objects to the reference that the FDIC has made to MVB's bleak prospect of recovery if it is successful in this suit.  According to the FDIC, the amount of unpaid depositor claims greatly outweighs the remaining assets in the receivership estate.  See 12 U.S.C. § 1821(d)(11) (priority of depositor claims).  MVB does not deny the accuracy of the FDIC's point, and it underscores that MVB will suffer no hardship from this action being stayed.

Accordingly, the FDIC's motion for stay (doc. 88) is GRANTED and this action is STAYED pending the completion of the FDIC's enforcement action.  The final pretrial conference and trial dates are hereby continued until further notice.  The parties are instructed to advise the court when the enforcement action has been concluded.

> s/ James L. Graham
> JAMES L. GRAHAM

DATE: June 10, 2010